Freeman, J.,
delivered the opinion of the court.
This" suit is brought to recover damages for breach *385 of covenants made in a deed of trust conveying a lot in the city of Memphis, to one George T. Hubhard, trustee, to secure the payment of a debt due by Norton to plaintiff. Hubbard, in pursuance of the requirements of the deed of trust sold the lot, and conveyed it to plaintiff by deed without warranty. Alter this, the vendor of Norton filed a bill in the Chancery Court to enforce his lien for a balance of unpaid purchase money, under which the land was sold, and purchased by Kremer for $325, which plaintiff paid off and took an assignment of the purchase to himself, and obtained a title under this proceeding from the Chancery Court. He now brings this action to recover for breach of covenants contained in Norton’s deed to the trustee. This deed from Norton contains covenants of seizin, that the land was free from all encumbrances, that he had a good right to sell and convey, and of general warranty to Hubbard, his heirs and assigns.
The breaches assigned are of the covenants of seizin, of warranty, of right to sell, and that the property was free from all encumbrances, and the fact of the existence of this lien of Norton’s vendor at the time of making the covenant, and its enforcement are alleged as the circumstances constituting these breaches.
This declaration was demurred to and the demurrer sustained by the court below, and plaintiff appealed in error to this court. Four grounds of demurrer are assigned.
The second and fourth grounds of demurrer have *386 nothing in them. The first'and third grounds raise the questions to b'e settled in this case.
The first is: That there was no privity of contract between plaintiff and Norton, setting out the facts in short, and raising the question of the plaintiffs’ right to sue on the covenants in the deed from Norton to Hubbard, the trustee.
It has been settled in this State since the. case of Hopkins v. Lane, 9 Yer., 78, that the covenant of warranty runs with the land, and that when one purchases land and receives a conveyance for the same he thereby becomes assignee by virtue of the conveyance merely of the warranty for title contained in the deed to his vendor, and that he may sue for breach thereof, whether made to such previous vendor and assigns or not, that as the covenant^ relates to the land, he only who is owner of the land at the time of the breach can take advantage of it. That is to say, in the language of Mr. Bawle in his work on “ Covenants for Title,” 335: “ The owner of the land for the time-being is entitled to the benefit of all the warranties and covenants which the prior owner in the claim of title may have given,” and as to covenant of warranty, quiet enjoyment, and further assurance, all of which are held to run with the’ land, they pass to the purchaser whether the sale be by voluntary or involuntary sale, as in the case of a sheriff’s sale of a debtor’s estate. See Rawle on covenants, 352 and note 2, with cases there cited.
As to the covenants for seizin, against encumbrances and of right to convey, it seems to be settled in the *387 United States by a large preponderance of authority that these covenants do not run with the land, consequently do not pass by virtue of a conveyance of the estate to the vendor. See Rawle on Cov., 347, 342 and 336 and cases cited. And this on the ground that if untrue, these covenants are broken immediately. when made. The obligee acquires a right of action on the covenant to recover damages for its breach, which was not assignable at common law, and does not pass by the assignment or transer of the estate: Rawle, 336 and 337. In this State, it is held, that the covenant of seizin is a covenant, that the vendor has the very estate in quantity and quality he purports to convey, and if untrue, is broken at the time made. Kincaid v. Brittain, 5 Sneed 119, and in the theory of the cases referred to does not pass to the assignee of the land. Mr. Rawle very earnestly and ably contests the soundness of this doctrine, and suggests that as the objection to the assignee of the land suing on these covenants is merely technical, it might be proper for the courts to avoid the difficulty by allowing the assignee to sue in the name of the original conven-antee for h:s use, and such seems to have been done in Missouri, perhaps in other States: See note 4 Rawle on Cov., 337, see also in support of the right of the assignee or purchaser to sue on this covenant of seizin, an able opinion by Beck, Judge, of the Supreme Court of Iowa, 7 Am. R., case of Schofield v. Homestead Co., 197. But as the covenant of general warranty is the universal covenant in use among us, is found in all conveyances, except a quit claim *388 deed as it is called, and gives a party full indemnity for whatever failure of title he may be subjected to upon eviction, and our statute of limitations of seven years rapidly perfects titles in parties claiming under conveyances in fee simple, we do not think it proper or necessary to depart from the current of American authority on this question. We therefore adopt the rule thus established, and hold that the covenants of seizin, free from encumbrances, and right to convey, do not run with the land, or pass to the assignee of the estate on conveyance.
The discharge of an incumbrance fastened upon the land, was stated as the rule in Stipe v. Stipe, 2 Head, 171, to be an eviction pro tanto, though the question was not definitely settled in that case. That principle has been decided in unreported cases by us, and we think the principle sound.'* It must, as a matter of course, be a valid, subsisting encumbrance fixed on the land, and one which the party would be compelled, either to discharge or have enforced against the land, and which was paramount to his own title, and by law would override it.
We therefore hold, that as to the breach of the covenant of general warranty, plaintiff was entitled to recover on the facts- stated in his declaration, notwithstanding the objections taken in the demurrer.
To this extent the demurrer was improperly sustained. It is proper to add, that while the facts stated in the declaration of payment and discharge of the incumbrance, make out a case of eviction to the extent of the sum paid, yet in the formal statement *389 of the facts constituting the breach at the conclusion of the declaration, this payment is not alleged as one of the facts, but only that this lien of the vendor of Norton was enforced and carried into effect. The additional fact should have been added of the discharge of this incumbrance by plaintiff, which can be done by amendment in the court below.
Reverse the case, and remand to be further proceeded in.